IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RITA C. BELL                                                                   PLAINTIFF

VS.                                             CAUSE NO. 1:06CV036-D-A

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Rita C. Bell for disability insurance benefits under 216(I) and 223 of the Social Security Act. Plaintiff's applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on February 15, 2005, and in a decision dated April 7, 2005, the ALJ found that the plaintiff was not disabled as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, and this case is now ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff was born on April 15, 1965. She completed high school and two years of college. She has past relevant work experience as a gym set packager and a fitter/welder in a steel factory. She filed her current application for disability insurance benefits on February 23, 2003 alleging a disability commencing on January 11, 2001 due to pain in both hands, high blood pressure, headaches, poor concentration and medication side effects such as inability to concentrate and depression. In the Hearing Decision dated April 7, 2005, the ALJ found that the plaintiff retains the residual functional capacity ("RFC") to perform a significant range of

1

sedentary work. The plaintiff argues that the determination by the ALJ is in error because, among other errors, she failed to consider the effect of plaintiff's medication and because the ALJ failed to articulate good cause for rejecting the medical opinion of Dr. Billington, plaintiff's treating physician.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps

---

[1] *See* 20 C.F.R. §§ 404.1520 (1998).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b).

[4] 20 C.F.R. §§ 404.1520(c).

[5] 20 C.F.R. §§ 404.1520(d). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525.

[6] 20 C.F.R. §§ 404.1520(e).

the burden shifts to the Commissioner to prove, considering plaintiff's RFC, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

In the instant case the ALJ initially found that the plaintiff suffers from a "severe" impairment resulting from "various muscle strains and sprains, hypertension and carpal tunnel syndrome." (Tr. 18, Finding No. 3). However, she concluded the impairment did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 18, Finding No. 4). The ALJ discussed the medical evidence of record and concluded that the plaintiff retains sufficient RFC to perform a range of sedentary work, but she must be able to exercise a 30 minute sit/stand option, perform only occasional bending, twisting at the waist, bending and kneeling, and she may not crawl, climb ladders or drive a motor vehicle and must be limited to occasional interaction with the general public. (Tr. 18 - 19, Finding No. 6).[9] Specifically, the ALJ found that the plaintiff's exertional limitations do not allow her to perform the full range of sedentary work, yet there do exist a significant number of jobs in the national economy that the plaintiff could perform. (Tr. 19, Finding No. 12).

In making her determination, the ALJ used both the Medical-Vocational Guidelines and

---

[7] 20 C.F.R §§ 404.1520(f)(1).

[8] *Muse*, 925 F.2d at 789.

[9] Sedentary work is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

the testimony of a Vocational Expert ("VE") to conclude that the plaintiff's RFC allowed her to find work as a production proofreader, reader of prescribed subjects or a surveillance systems monitor. (Tr. 19, Finding No. 12). In making her determination the ALJ noted that plaintiff's regular physician, Dr. Billington, had referred plaintiff to a physical therapist, but that a therapist's opinion, while it is to be considered along with all medical evidence, "[c]annot be given the status of an 'acceptable medical source.'" (Tr. 16). The ALJ then went on to state that "this therapist's conclusions are inconsistent with the observations of the other, acceptable medical sources available in the record, and therefore are given minimal weight." *Id.* Although the ALJ did refer to both the medical records of Dr. Billington and a Dr. James Lane, Ph.D., a consultative examining psychologist, in her discussion preceding her finding of plaintiff's RFC, upon examination of the record the specific source or sources from which the ALJ adopted the RFC is unclear. There are clear references in the decision to the opinions of Dr. Lane and Dr. Lane's references to Dr. Billington's notes and the ALJ referred to Dr. Billington's disability report form of February 21, 2003. (Tr. 15 - 16). However, there are no references to the two specific notations by Dr. Kurt Thorderson, the physician who performed plaintiff's surgery for carpal tunnel syndrome, that plaintiff is on a "permanent restriction" of a 10-pound weight limit for lifting, pushing and pulling and has no repetitive hand use, or to the Mississippi Workers' Compensation Commission's Order finding that "[t]he [plaintiff's] condition is disabling and will have an affect [sic] on her ability to work for the rest of her life." (Tr. 71. *See* Tr. 130 and 133). The RFC as stated by the ALJ includes a limitation for sedentary work (a 10-pound restriction) but does not include the other stated restrictions.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

A. Affording Proper Weight to Opinions of a Treating Physician

The plaintiff argues that the ALJ erred in failing to set forth the requisite good cause for affording lesser weight to the opinions of her treating physician Dr. Billington. Further, the plaintiff points out that there is no clear source from which the ALJ adopts the plaintiff's RFC. The medical evidence contains records from numerous doctors: Dr. Thorderson, Dr. Billington, Dr. Lane, Dr. Gibson, Dr. Powell, Dr. Baker and a physical therapist. The only RFC assessment contained in the file is a psychiatric review technique form which concludes that plaintiff suffers from mild depression causing only mild limitations. (Tr. 144 - 157). Additionally the record contains one Functional Capacity Evaluation from the physical therapist's group that was submitted to the Appeals Council, however it was not presented as evidence to the ALJ as the evaluation was performed after the hearing date. Although there is no one medical source or even a clear combination of sources from which the ALJ adopted the plaintiff's RFC, the court cannot definitively say that it is inaccurate. Nevertheless, the ALJ concluded that the plaintiff could perform a range of sedentary work in jobs that allow for a "30 minute sit/stand option, occasional bending, twisting at the waist and kneeling . . . .but no crawling, climbing of ladders or driving a motor vehicle; and only occasional interaction with the general public," but did, either in her decision or verbally within the transcript of the hearing, attribute the limitations to any medical source nor did the ALJ properly explain why specific medical source opinions were not adopted. (Tr. 11 - 19).

In order for an ALJ to properly afford lesser weight to the medical opinions of a treating physician, she must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. §404.1527(d)(2)." *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir.

6

2000)[10]. Social Security Ruling 96-8p provides that the "RFC assessment must always consider and address medical source opinions," and in cases where the assessment conflicts with an opinion from a medical source, the ALJ must "explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184 (S.S.A. 1996). In the instant case, the ALJ did reject the opinion of the physical therapist on grounds that a physical therapist cannot be considered a medical source, yet she does not provide any reason for not including Dr. Thorderson's restriction prohibiting repetitive hand use. The fact that the ALJ did not follow the criteria set out in the Social Security Rulings and in *Newton*, according to the plaintiff, makes her failure to afford controlling weight to the opinions of treating physician Thorderson an error as a matter of law.

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); 20 C.F.R. § 404.1527(d)(2). Of course, even though the medical evidence provides the basis for a determination of the claimant's disability status under the law, it is the ALJ that has sole responsibility for determining that status. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).

---

[10]In *Newton*, the Fifth Circuit noted that there are several factors that the ALJ must consider before declining to give evidence of a treating physician controlling weight:
    (1) the physician's length of treatment of the claimant,
    (2) the physician's frequency of examination,
    (3) the nature and extent of the treatment relationship,
    (4) the support of the physician's opinion afforded by the medical evidence of record,
    (5) the consistency of the opinion with the record as a whole; and
    (6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d)(2).

"'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician or other physician relative to other experts where the evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). However, the Social Security Administration Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion," and the regulations list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." Further, the Social Security Rulings require that an ALJ provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." SSR-96-8p. In this case, the ALJ clearly reviewed the record and all relevant medical evidence. She detailed her rational for not adopting the opinions of the physical therapist, though not to the extent required by *Newton* in light of the fact that treating physician Dr. Billington seems to have endorsed the therapist's findings. Critically, the ALJ failed to provide details regarding her failure to follow Dr. Thorderson's limitations or to include a complete narrative regarding the basis for the adopted RFC.

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is

supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). Although an ALJ is afforded discretion when reviewing facts and evidence in a case, the ALJ is not qualified to interpret raw medical data in functional terms, and if an ALJ reaches conclusions as to a claimant's physical exertional capacity without taking into account a physician's assessment, and certainly in contradiction of a physician's medical opinion, then the ALJ's decision is not supported by substantial evidence.[11] *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to claimant's RFC may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999).

Although there may exist substantial evidence to deny the plaintiff's claims, review of the ALJ's decision and the record in this case does not reveal the particular medical sources upon which the ALJ relied in making her decision; specifically, the court is unable to tell whether the ALJ considered all the necessary factors before failing to credit the opinion of Dr. Thorderson or Dr. Billington's endorsement of the physical therapist's findings. Without specific citations and clear explanation of the foundation of the ALJ's decision and specifically the basis for her RFC determination, the court cannot afford the plaintiff a full and meaningful review of this appeal.

---

[11] For example, the ALJ attaches significance to the lack of nerve root compression in discounting plaintiff's complaints of pain. Nevertheless, there clearly is objective evidence of degenerative disc disease and possible lesions. It is not within the province of a layman ALJ to attach significance to one such finding and not another without supporting medical opinion.

The specific grounds for the findings contained within the ALJ's decision are integral to a determination of whether the ALJ's decision was supported by substantial evidence. Therefore, the undersigned finds that decision of the Commissioner should be remanded for further proceedings in accordance with this opinion.

> B. Plaintiff's Argument That The ALJ Failed To Consider Side Effects Of Plaintiff's Medications

In addition to the reasons stated above, the court finds merit in the plaintiff's argument that the ALJ failed to take into consideration the side effects of plaintiff's medication. The transcript of the hearing contains numerous statements by the plaintiff that her medications make her dizzy, sleepy, and adversely affect her ability to drive. (Tr. 222-223). These statements are corroborated by the medical evidence wherein Dr. Billington's notes repeatedly state that he warned plaintiff "about driving dangerous machinery and vehicles," noting that failure to heed these warnings could result in "caus[ing] [plaintiff] to have a traffic accident, kill herself or others, mane [sic] or paralyze herself or others." (Tr. 165, 169, 174, 175, 176, 179, 179, 180, and 182). The ALJ made no mention of these side effects or Dr. Billington's notes regarding warnings. The side effects of medications have been specifically found by the Fifth Circuit possibly "render a claimant disabled or at least contribute to a disability." *Loza v. Apfel*, 219 F.3d 378, 397 (5th Cir. 2000). Accordingly, the court finds that the ALJ should examine the evidence in this case with an eye toward the impact, if any, of the plaintiff's medications on her ability to perform work.

> C. Plaintiff's Remaining Argument

Because the court recommends that this action be remanded to the ALJ for further
10

consideration and analysis in accordance with this opinion and applicable Social Security Regulations and Rulings, the court need not address the merits of the plaintiff's remaining arguments at this time.

## CONCLUSION

In accordance with this memorandum opinion, the undersigned recommends that this case be remanded to the ALJ for further consideration. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted,

This, the 22nd day of January, 2007.

    /s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE